# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
### ORANGEBURG DIVISION

| | | |
|---|---|---|
| Sean Goins, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5:25-cv-02195-TMC |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Director Ray, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Sean Goins, proceeding *pro se* and *in forma pauperis*, (ECF No. 12), filed this action pursuant to 42 U.S.C. § 1983, (ECF No. 1). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for pretrial handling. Defendant Director Ray filed a motion for summary judgment, (ECF No. 36), and the court issued an order pursuant to *Roseboro v. Garrison*, 528 F.2d. 309 (4th Cir. 1975), informing Plaintiff of the summary judgment procedures and of the possible consequences for failing to respond adequately to the motion, (ECF No. 37). Despite such warnings, Plaintiff filed no response by the deadline set forth in the *Roseboro* order. Thereafter, the magistrate judge entered an order giving Plaintiff additional time to respond and advising Plaintiff that if he failed to file a response within the time allotted, the magistrate judge would recommend dismissal with prejudice for failure to prosecute.[1] (ECF No. 41). Now before the court is the magistrate judge's Report and Recommendation ("Report"), recommending the district court dismiss this action with prejudice

---

[1] Several documents that have been mailed to Plaintiff have been returned to the court as "undeliverable." (ECF Nos. 35, 40, 43). However, it is Plaintiff's responsibility to keep the court informed of any change of address. This responsibility was noted in the proper form order, which was not returned to the court, and which Plaintiff is presumed to have received. (ECF No. 11 at 3). In fact, after the entry of the proper form order, Plaintiff did later advise the court of a change of address early on in the case. (ECF No. 23).

for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. (ECF No. 44). The magistrate judge notified Plaintiff of his right to file objections to the Report. *Id*. at 4. The Clerk's Office mailed the Report to Plaintiff's last known address, (ECF No. 45), and it was returned to the court as undeliverable, (ECF No. 46). The note on the returned envelope states "Return to Sender. Refused. Unable to Forward." *Id*. at 1. Thus, unsurprisingly, Plaintiff failed to file objections to the Report, and the time to do so has expired.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)); *see also Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023) (noting "an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection'" and "'an objection stating only "I object" preserves no issue for review'" (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007); *Lockert v. Faulkner*, 843 F.2d 1015, 1019 (7th Cir. 1988))). Thus, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 Advisory Committee's note). The court may accept, reject, or

2

modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this court is not required to give any explanation for adopting the recommendation. *Greenspan v. Bros. Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal the district court's judgment based upon that recommendation. *See Elijah*, 66 F.4th at 460 (quoting *Lockert*, 843 F.2d at 1019); *Martin v. Duffy*, 858 F.3d 239, 245 (4th Cir. 2017).

Therefore, having reviewed the Report and finding no clear error, the court agrees with, and wholly **ADOPTS IN PART**[2] the magistrate judge's recommendation. (ECF No. 44). Accordingly, the court **DISMISSES** this action without prejudice. The defendant's motion for summary judgment (ECF No. 36) is hereby **DISMISSED AS MOOT**.

    **IT IS SO ORDERED.**

                                        s/Timothy M. Cain
                                        Chief United States District Judge

Anderson, South Carolina
March 20, 2026

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[2] As stated, the magistrate judge recommends the court dismiss with prejudice; however, the court finds a dismissal without prejudice to be appropriate here.